UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MICHAEL HICKMAN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 07-169-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| LARRY CHANDLER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Michael Hickman, a *pro se* Kentucky prisoner, is pursuing a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of counsel. [R. 1]. Specifically, he argues (1) that his attorney allowed him to plead guilty to being a persistent felony offender (PFO) when he was not eligible for that classification and (2) that his attorney failed to have the court consider his low IQ (approximately at 77). *Id.* The Magistrate Judge recommended that the Court dismiss Hickman's Petition with prejudice [R. 12 at 9], and Hickman filed a timely Objection [R. 13]. For the reasons given below, the Court **OVERRULES** Hickman's Objection to the Magistrate Judge's Report and Recommendation [R. 13], **ADOPTS** the Magistrate Judge's Recommendation [R. 12], and **DENIES** the Petition for a Writ of Habeas Corpus [R. 1].

### I. OVERVIEW

Petitioner, Michael Hickman, was indicted on July 9, 2003, by the Pike County,

Kentucky, grand jury on four counts of Sexual Abuse in the First Degree and one count of Persistent Felony Offender, Second Degree (PFO II). [R. 7, Exh. 11 at 1]. According to the indictment, Hickman was eligible for PFO II status because the new charges were committed within five years of the end of a previous probationary period. *Id.* at 2. Hickman's previous probation stemmed from a 1992 conviction of four counts of Sexual Abuse in the First Degree. [R. 7, Exh. 5]. The Jefferson Circuit Court sentenced Hickman on November 6, 1992, to three years of incarceration, but that sentence was probated for a period of five years subject to compliance with various conditions. *Id.*

Prior to the trial for the 2003 charges, on March 1, 2004, Hickman sought to enter a guilty plea. [R. 7, Exh. 11, at 2]. During the hearing, Hickman was asked various questions pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969). Hickman affirmatively responded that he was satisfied with his counsel's assistance and advice. *Id.* On April 27, 2004, Hickman was sentenced to one year of incarceration for each of the four sexual abuse counts, all four years to run concurrently. *Id.* Additionally, the sentence was enhanced to five years as a result of the PFO II charge pursuant to KRS 532.080(2)(c)(3), which requires that in order for a defendant to be eligible for PFO II status, he must have been "discharged from probation, parole, conditional discharge, conditional release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted . . . ." *Id.*

Thereafter, Hickman filed a *pro se* motion to vacate the judgment and sentence pursuant to Ky. R. Crim. P. 11.42, claiming ineffective assistance of counsel. [R. 7, Exh. 11

2

at 2-3]. The Pike Circuit Court denied the motion, and Hickman appealed to the Kentucky Court of Appeals. The gravamen of his appeal was that his attorney conducted an inadequate investigation into his eligibility for PFO II status. *Id.* at 3. Hickman claimed that the new charges were not committed within five years of the end of his probationary period following his 1992 conviction, and his attorney should have discovered this fact before advising him to plead guilty. The only evidence in support of Hickman's theory was a April 15, 2005, letter from the Jefferson County probation and parole office that stated, in pertinent part:

> I have enclosed your order releasing you from probation on Indictment 92CR2054 as you requested. You were placed on probation on 9/24/92 and were released from probation on 9/27/94.

[R. 7, Exh. 11 at 3].[1]

The Kentucky Court of Appeals recognized the standard governing review of claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). [R. 7, Exh. 11 at 4]. Upon setting out the appropriate standard, the Kentucky Court of Appeals noted that before the court could proceed through the *Strickland* analysis, it first had to determine whether Hickman's assertion that his probationary term had expired was true. *Id.* at 5. Upon reviewing the judgment from Hickman's 1992 conviction, the court discovered that Hickman was placed on probation on November 6, 1992, for a period of five years. *Id.* at 6. Thus, he would remain on probation until November 6, 1997. The court noted that according to the 2003 indictment, the offenses at issue were committed in April

---

[1] The April 15, 2005, letter, however, is not in the record before this Court.

3

2002. Therefore, the Kentucky Court of Appeals concluded, "Simple calculation reveals that the new offenses were committed approximately four years and five months following the end of Hickman's probationary period." *Id.*

Although Hickman claimed that the April 2005 letter from the Jefferson County probation and parole office proved that he was released from probation six years prior to the commission of the new offenses, the Kentucky Court of Appeals disagreed, noting that "[t]he constitutional power to amend this sentence rested solely within [the sentencing] court . . . and could not be altered by the Division of Probation and Parole.  If such power exists outside the sentencing court, it resides only with the Governor in the form of a pardon." [R. 7, Exh. 11 at 7].  Therefore, the Kentucky Court of Appeals concluded that counsel did not err when he did not challenge Hickman's PFO II indictment, and consequently, Hickman did not have ineffective assistance of counsel.  *Id.*

After this ruling, Hickman filed a *pro se* motion for discretionary review before the Supreme Court of Kentucky. [R. 7, Exh. 13].  In his motion, Hickman claimed for the first time that he is a "functioning illiterate [sic], has a low IQ, and mental retardation." *Id.* at 3. On April 11, 2007, the Supreme Court denied Hickman's motion in one sentence, "The motion for review of the decision of the Court of Appeals is denied." [R. 7, Exh. 12 at 9]. Thereafter, Hickman filed the instant Petition for Writ of Habeas Corpus [R. 1].

## II. ANALYSIS

### A. Hickman's Ineffective Assistance of Counsel Claim Alleging Failure to Challenge his PFO II Status is Without Merit.

#### (1) The PFO II claim is procedurally defaulted because it was not presented to the Supreme Court of Kentucky.

Hickman first alleges that his attorney was ineffective because he allowed Hickman to plead guilty to being a persistent felony offender (PFO) when he was not eligible for that classification. [R. 1 at 5]. As previously noted, the Kentucky Court of Appeals dealt with this issue in great detail. Hickman's motion for discretionary review to the Supreme Court of Kentucky, however, made no mention of this claim, but instead claimed for the first time that Hickman's counsel was deficient because he failed to inform the court that Hickman was illiterate and mentally disabled. [R. 7, Exh. 13].

Because Hickman failed to preserve his PFO II claim by raising it in his application for discretionary review with the state's highest court, it is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding that for a habeas litigant to preserve his constitutional claims for habeas review he must present those claims to the state's highest court or procedurally default them); *see also Harris v. Stegall*, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001) ("A habeas petitioner procedurally defaults a claim if he or she fails to raise it in an application for discretionary review with the state's highest court. A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas.") (citations omitted); *accord Morales v. Coyle*, 98 F. Supp. 2d 849, 862 (N.D. Ohio 2000). Furthermore, Hickman has failed to overcome the bar of

5

procedural default by asserting (1) a substantial reason to excuse the default (referred to as the "cause" prong of the test); and (2) that he was actually prejudiced by the claimed constitutional error (referred to as the "prejudice" prong). *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Even if this claim were properly before this Court, it would fail on the merits for the reasons discussed below.

**(2)     Hickman cannot demonstrate ineffective assistance of counsel**.

On habeas review, this Court determines whether the state court's adjudication of Hickman's ineffective assistance of counsel claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1) and (2). *Strickland* requires (1) that the trial counsel's performance was deficient in that it fell outside the range of professionally competent assistance; and (2) that the deficiency was prejudicial because there is a reasonable probability that the outcome would have been different but for counsel's performance. *Strickland*, 466 U.S. at 687.

Hickman argues that the Kentucky Court of Appeals erroneously concluded his counsel was not deficient under *Strickland*. [R. 13]. He claims that his counsel should have informed the sentencing court that his probation period had expired more than five years before his new crimes, and that would have resulted in a lower sentence for him. *Id.* at 2. As discussed above, in support of this argument he cites a letter from probation and parole. *Id.*

The Kentucky Court of Appeals rejected this argument and stated that only a

6

sentencing court or the Governor could amend his sentence, not probation and parole. [R. 7, Exh. 11 at 7].[2] The court further noted that Hickman has not provided any additional proof that his sentence was amended. *Id.* ("[B]ecause Hickman has offered no proof of any court order to the contrary, it is apparent from the record that his term of probation did not end until November 6, 1997."). Thus, the court concluded, it would have been frivolous for Hickman's counsel to raise this argument, and he was not deficient under *Strickland* for failing to do so.

In this instance, there are two decisions the Kentucky Court of Appeals made: a factual one (when the probationary term ended) and a legal one (who can amend a prisoner's sentence). *See* 28 U.S.C. § 2254(e)(1) (stating determinations of state court on factual issues are presumed to be correct and can only be rebutted by clear and convincing evidence); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of federal habeas courts to reexamine state-court determinations on state-law questions."); *see also Damner v. Motley,* 448 F.3d 372, 375 (6th Cir. 2006) (A federal habeas court may not inquire into whether the state court's ruling is proper under Kentucky law because, "the decision of state court, even if erroneous under the Kentucky statute, is purely a matter of state law."); *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir. 1995) ("When and how state law applies to a particular case is a matter on which the state supreme court has the last word."). Hickman

---

[2] In its decision, the Court also noted that the Commonwealth's brief included a Special Supervision Report from the Division of Probation and Parole dated July 27, 1994. [R. 7, Exh. 11 at 7 n. 3]. The report indicated that Hickman was not released from probation in September 1994, but rather moved "to an inactive status pending expiration of sentence." *Id.* Since the Commonwealth, however, failed to include this report in the record, the Court of Appeals did not rely upon it in making its decision, but only to clarify what actually happened. *Id.*

has not demonstrated any relevant facts or law indicating that either was wrong: i.e. law stating that a probation office may amend a sentence or facts showing that a sentencing court or the Governor actually amended his sentence. Thus, deference or not, his petition fails. The Kentucky Court of Appeals did not unreasonably apply *Strickland* when it found that Hickman's counsel's performance was not deficient.

      **B.    HICKMAN'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM FOR FAILURE TO ADDRESS HIS LOW IQ IS ALSO WITHOUT MERIT.**

Hickman's second argument is that his counsel was ineffective for "fail[ing] to have the court consider [his] low IQ and allow[ing] [him] to plead guilty." [R. 1 at 6]. Hickman concedes that he raised this claim for the first and only time when he filed a motion for review with the Supreme Court of Kentucky. [R. 13 at 4]. The Supreme Court of Kentucky did not address this issue in its one sentence denial of Hickman's petition. [R. 7, Exh. 12 at 9]. The Magistrate Judge concluded that Hickman's failure to first present this claim in Circuit Court caused his claim to be procedurally defaulted. [R. 12 at 7].

Hickman objected to the Magistrate Judge's conclusion. Rather than providing a response to the procedural default finding, Hickman instead argued in his Objection that this Court should consider his claim because by presenting the claim to Kentucky's highest court he provided the state court a "'full and fair opportunity' to rule on his low IQ and illiterate claim." [R. 13 at 4].

Thus, the question before this Court is whether by presenting his claim to only the Kentucky Supreme Court, Hickman has given the state courts a "full and fair opportunity" to act on his claims. *See O'Sullivan*, 526 U.S. at 845. The High Court in *O'Sullivan* noted that

such an opportunity involves "one *complete round* of the State's established appellate review process." *Id.* (emphasis added). Obviously, simply raising a claim anew in the highest court is not the equivalence of "one complete round." *See Farley v. Lafler*, No. 04-CV-72222, 2005 WL 2769001, at *9 (E.D. Mich. Oct. 24, 2005) (unpublished) ("Raising a claim for the first time before the state courts on discretionary review does not amount to a 'fair presentation' of the claim to the state courts for exhaustion purposes. Because petitioner failed to present this claim in his appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas corpus purposes.") (internal citations omitted). Thus, Hickman's second claim is also procedurally defaulted.

Hickman has failed to overcome the bar of procedural default by asserting (1) a substantial reason to excuse the default; and (2) that he was actually prejudiced by the claimed constitutional error. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Therefore, habeas corpus relief is not warranted for Hickman's second claim.

### III.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED** as follows:

(1) Petitioner Michael Hickman's Objections to the Magistrate Judge's Report and Recommendation [R. 13] are **OVERRULED**.

(2) The Magistrate Judge's Recommendation [R. 12] is **ADOPTED**.

(3) The Petition for a Writ of Habeas Corpus [R. 1] is **DENIED WITH PREJUDICE**.

9

(4) The Court recommends that a Certificate of Appealability **NOT ISSUE** on both issues raised by Petitioner Michael Hickman in his Petition. *See* 28 U.S.C. § 2253(c).

(5) A separate judgment will be entered contemporaneously with this Memorandum Opinion and Order.

This the 16th day of May, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge